THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUISE BAIER and CHARLES BAIER, Appellants, *v.* WILLIAM C. ORMOND and Others, Composing the Board of Assessors of the City of New York, Respondents.

First Department, October 26, 1917.

**Municipal corporations — change of street grades in city of New York — claim for damages under section 951 of the city charter — failure to file claim within time set by statute.**

A landowner in the city of New York, claiming damages under section 951 of the city charter, as amended, authorizing the payment of damages to an owner who has built upon or improved his property in conformity with an established grade, if said grade is subsequently changed, must file the claim in writing with the board of assessors within ninety days after the grading shall have been completed and accepted by the city as required by said section, and if he fails to do so within the time limited the claim is barred.

The assessors have no power to make an award except the statute be complied with, for there is no inherent right to damages for a change of grade.

APPEAL by the relators, Louise Baier and another, from an order of the Supreme Court, made at the New York Special

Term and entered in the office of the clerk of the county of New York on the 9th day of July, 1917, denying their motion for a peremptory writ of mandamus.

*Hartley G. Pelletier,* for the appellants.

*Charles J. Nehrbas,* for the respondents.

Scott, J.:

The relators seek a writ of mandamus to compel the board of assessors of the city of New York to hear, consider and determine said petitioners' claim for damages to their property resulting from the change of grade of Riverside Drive.

The relators' claim to be entitled to damages is based upon section 951 of the Greater New York charter (Laws of 1901, chap. 466), as amended by Laws of 1916, chapter 516. As so amended the section, in so far as applicable, reads as follows: " After the taking effect of this act an abutting owner who has built upon or otherwise improved his property in conformity with the grade established by lawful authority, and such grade is changed after such buildings or improvement have been erected, and the lessee thereof, shall be entitled to damages for such change of grade. * * *. Damages to such buildings and improvements shall be ascertained and assessed by the board of assessors in the manner hereinafter provided."

The grading of which relators complain was completed and the work accepted by the city authorities on July 10, 1916.

The section above quoted also provides as follows: " No award shall be made, in any case arising after the takgin effect of this act, unless a claim in writing therefor shall have been filed with the board of assessors within ninety days after the grading shall have been completed and accepted by the city authorities in charge of the work."

The relators' claim was not filed with the board of assessors until January 15, 1917, much more than ninety days after the grading had been completed and accepted. Therefore, by the express terms of the very section upon which the relators rely their claim is barred, and the board of assessors have no power to make the award.

If it be said that the limitation is unreasonable, the answer is that there is no inherent right to damages for a change of

grade. A claim for such damages only arises when and as
the Legislature sees fit to give it, and having power to give
or to withhold, the Legislature has power to prescribe upon
what terms damages may be granted.

The order should be affirmed, with ten dollars costs and
disbursements.

CLARKE, P. J., DOWLING, SMITH and PAGE, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.